OPINION
The defendant, William C. Sampson, was indicted for two counts of rape of a person under the age of thirteen in violation of R.C. 2907.02 and for two counts of gross sexual imposition of a person under the age of thirteen in violation of R.C. 2907.05. Subsequently, Sampson entered a plea of guilty to one count of rape of a person under the age of thirteen, and was sentenced to a term of imprisonment for a period of eight years. At the time of the alleged offenses, the victim was six years of age.
Thereafter, a sexual offender classification hearing was conducted pursuant to R.C. 2950.09, and on January 19, 1999, the Common Pleas Court found the appellant, Sampson, to be a sexual predator.
In the present appeal, the appellant has stated his only assignment of error as follows:
 THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE WHEN IT ENTERED A JUDGMENT THAT APPELLANT BE CLASSIFIED AS A SEXUAL PREDATOR PURSUANT TO R.C. 2950, WHERE SUCH JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In support of the alleged error, the appellant argues that the weight of the evidence "falls on the side of appellant being classified as a habitual sexual offender and not a sexual predator," but the question presented to this court, more precisely, is whether the record discloses sufficient clear and convincing evidence to support the finding of the trial court that Sampson is a sexual predator within the contemplation of R.C.2950.09.
A "sexual predator" is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Here, the undisputed evidence presented at the hearing revealed that Sampson was convicted thirteen years earlier, when he was eighteen years of age, for having sexual relations with a developmentally retarded fourteen-year-old friend of his sister. Hence, the paramount issue for determination at the hearing was whether Sampson "is likely to engage in the future in one or more sexually oriented offenses."
At the hearing, the Common Pleas Court was favored with the testimony of three witnesses, Mary Williams, a sex offender specialist from the Montgomery County Adult Probation Department, Susan Dyer, a court-appointed psychologist, and James Barna, a defense psychologist. All of these witnesses were well qualified by training and experience, and all expressed an awareness of the relevant factors which must be considered in making a determination as to whether or not a sex offender is a sexual predator. See R.C. 2950.09(B)(2).
In the trial court, the witness, Williams, recommended that Sampson be designated as a sexual predator, and the witness, Dyer, while refusing to comment upon the ultimate issue, presented testimony to support a reasonable finding that the defendant is a sexual predator. On the other hand, the witness, Barna, concluded that the prior sexual battery conviction supported a finding that Sampson might be labeled a habitual sex offender, but that consideration of all of the factors set forth in R.C.2950.09(B)(2) precluded a finding that he is a sexual predator.
Understandably, experts might have honest differences of opinion when merely predicting the future nature of human behavior, but the sorting process, in consideration of all of the evidence, is nonetheless an exclusive prerogative of the trial court. See State v. Thompkins (1997), 78 Ohio St.3d 380. See particularly, State v. Bradley (June 19, 1998), Montgomery App. No. 16662, unreported.
As heretofore indicated, the State has the burden of proving by clear and convincing evidence that an individual is a sexual predator. State v. Condron (Mar. 27, 1998), Montgomery App. No. 16430, unreported, affirmed (1998), 84 Ohio St.3d 11, certiorari denied (1999) 119 S.Ct. 1505. However, even in applying this standard of proof, the exhibits and the testimony presented at the hearing reflect sufficient evidence to produce in the mind of the trier of the facts a firm belief and conviction that Mr. Sampson is likely to re-offend in the future. Hence, this court may not interfere with the finding of the Common Pleas Court.
The judgment will be affirmed.
BROGAN, J., and YOUNG, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Johnna M. Shia.
James C. Staton.
Hon. Adele M. Riley.